# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 23-1649V

|  |  |
|---|---|
| MELVIN J. MARTIN as Administrator of ESTATE OF BILLY J. MARTIN,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 16, 2026 |

*Nancy R. Meyers, Turning Point Litigation, Greensboro, NC, for Petitioner.*

*Madelyn Weeks, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON JOINT STIPULATION[1]

On September 25, 2023, Melvin Martin ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act") as administrator of the estate of Billy Martin ("Mr. Martin" or "decedent"). Petitioner alleges that Mr. Martin suffered from Guillain-Barré syndrome ("GBS") after receiving an influenza vaccination on October 7, 2020. Petition at 1; Stipulation, filed on March 16, 2026, ¶¶ 2-4. Petitioner further alleges that Mr. Martin suffered the residual effects of his GBS for more than six months, but does not allege that Mr. Martin's death on August 2, 2022, occurred as a result of the flu vaccine. Stipulation at ¶¶ 4. "Respondent denies that decedent suffered a Table GBS injury, denies that decedent's alleged GBS or its residual effects were caused-in-fact by the flu vaccine; and denies that the flu vaccine caused decedent any other injury or decedent's death." Stipulation at ¶ 6.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Nevertheless, on March 16, 2026, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

**A lump sum of $175,000.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

MELVIN J. MARTIN, as administrator of
ESTATE OF BILLY J. MARTIN,

        Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN
SERVICES,

        Respondent.

)
)
)
)
)  No. 23-1649V
)  Chief Special Master Brian H. Corcoran
)  ECF
)
)
)
)
)
)

## STIPULATION

The parties hereby stipulate to the following matters:

1. Melvin J. Martin ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"), as administrator of the estate of Billy J. Martin ("decedent"). The petition seeks compensation for injuries allegedly related to decedent's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Decedent received the flu vaccine on or about October 7, 2020.

3. The vaccination was administered within the United States.

4. Petitioner alleges that decedent suffered Guillain-Barré Syndrome ("GBS") within the time period set forth in the Table, or alternatively, that he suffered GBS that was caused-in-fact by the flu vaccine. Petitioner further alleges that decedent experienced the residual effects of this condition for more than six months. Petitioner does not allege that decedent's death on August 2, 2022, occurred as result of the flu vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on decedent's behalf as a result of decedent's condition or death.

6. Respondent denies that decedent sustained a Table GBS injury, denies that decedent's alleged GBS or its residual effects were caused-in-fact by the flu vaccine; and denies that the flu vaccine caused decedent any other injury or decedent's death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$175,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner as legal representative of decedent's estate.

This amount represents all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not

2

primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of decedent's estate under the laws of the State of Texas. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of decedent's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of decedent's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of decedent's estate upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity and as administrator of the estate of decedent, on petitioner's own behalf, and on behalf of the estate and decedent's heirs, executors, administrators, successors, or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses, and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely

3

brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of decedent resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 7, 2020, as alleged by petitioner in a petition for vaccine compensation filed on or about September 25, 2023, in the United States Court of Federal Claims as petition No. 23-1649V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused decedent's alleged injury, or any other injury or decedent's death.

4

17. All rights and obligations of petitioner hereunder in petitioner's capacity as administrator of decedent's estate shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

## END OF STIPULATION

PETITIONER:

_MELVIN J. MARTIN_

ATTORNEY OF RECORD FOR
PETITIONER:

_NANCY R. MEYERS_
Turning Point Litigation
300 North Greene Street
Suite 2000
Greensboro, NC 27401
(336) 645-3320
nmeyers@turningpointlit.com

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

Jeffrey S. Beach -S    Digitally signed by Jeffrey S. Beach -S
Date: 2026.02.25 10:25:16 -05'00'    for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857

Dated: 3/16/2026

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_HEATHER L. PEARLMAN_
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

_MADELYN E. WEEKS_
MADELYN E. WEEKS
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 451-7312
madelyn.e.weeks@usdoj.gov

6

**<u>CERTIFICATE OF SERVICE</u>**

I certify that today, March 16, 2026, a copy of the foregoing pleading will be served by electronic mail to Nancy Meyers at nmeyers@turningpointlit.com.

<u>s/ MADELYN E. WEEKS</u>
MADELYN E. WEEKS